# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| EDWIN DANIEL GONGORA-BALTAN, | CASE NO. 4:24-cv-2252 |
| Petitioner, | JUDGE PAMELA A. BARKER |
| vs. | |
| WARDEN IAN HEALY, | MAGISTRATE JUDGE AMANDA M. KNAPP |
| Respondent. | **ORDER** |

Pending before the Court is Petitioner Edwin Daniel Gongora-Baltan's petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed on December 27, 2024, arguing that the Bureau of Prisons took away his earned time credits under the First Step Act due to a final order of removal. (ECF Doc. 1 ("Petition").) In his Petition, Mr. Gongora-Baltan asserted that his projected release date with good time conduct was August 24, 2025 ("Good Time Release date"), and his projected release date with First Step Act credit was August 24, 2024. (*Id*. at p. 2; ECF Doc. 1-2, p. 2.) He argued that Respondent's assertion that there was a final order of removal was erroneous and that the Court should order his First Step Act credit restored. (ECF Doc. 1, p. 3.) On April 2, 2025, Respondent filed a Return of Writ. (ECF Doc. 5.) Respondent agreed that Petitioner's projected Good Time Release date was August 24, 2025. (ECF Doc. 5-1, p. 1, ¶ 1.) Respondent also asserted that the Department of Homeland Security issued a valid Notice and Order of Expedited Removal to Petitioner on February 5, 2024, making Petitioner ineligible for time credit under the First Step Act. (ECF Doc. 5, ECF Doc. 5-1, pp. 1-2, ¶ 2, ECF Doc. 5-1, p.

1

10.)  Petitioner's Traverse in reply to the Return of Writ was due on or before May 2, 2025. (ECF Doc. 4.)  Petitioner has not filed a Traverse.

Given the parties' agreement that Mr. Gongora-Baltan's projected Good Time Release date was August 24, 2025, this Court must consider whether the claims set forth in the Petition are moot.  "Article III, Section 2 of the United States Constitution authorizes the federal judiciary only to hear cases or controversies[.]"  *Gentry v. Deuth*, 456 F.3d 687, 693 (6th Cir. 2006).  Thus, "federal courts may not exercise jurisdiction when the controversy has been mooted, that is to say, when the 'issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'"  *Id*. (quoting *Los Angeles County v. Davis,* 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969))).  In the habeas context, once a petitioner's sentence has expired, "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained."  *Spencer v. Kemna,* 523 U.S. 1, 7 (1998).

When a habeas petition attacks an underlying conviction, the Supreme Court has "been willing to presume that a wrongful criminal conviction has continuing collateral consequences," so that the petition is not mooted by the petitioner's release from custody.  *Spencer,* 523 U.S. at 8; *see also Gentry*, 456 F.3d at 694-95.  However, that presumption does not apply where the habeas petition challenges only the petitioner's sentence and not his conviction.  *Spencer*, 523 U.S. at 12-14 (citing *Lane v. Williams,* 455 U.S. 624, 631 (1982)).  In such circumstances, the petitioner can avoid a mootness finding only if he demonstrates "collateral consequences" stemming from the alleged sentencing violation.  *Spencer*, 523 U.S. at 14-16; *see Witzke v. Brewer*, 849 F.3d 338, 341 (6th Cir. 2017) (finding a petitioner who disputes a parole revocation

but has completed that term of reincarceration "must demonstrate collateral consequences stemming from the revocation or else face dismissal of his claims").

Here, the Petition challenges only Mr. Gongora-Baltan's sentence, and not the underlying conviction. (*See* ECF Doc. 1.) Accordingly, the Petition may be moot if the Petitioner has been released from custody, unless the Petitioner is able to demonstrate collateral consequences stemming from the alleged violations. So that the Court may determine whether a live controversy exists, the Court ORDERS as follows:

- On or before **February 6, 2026**, Respondent shall file a status report advising the Court as to Petitioner's current custody status;

- If the status report reflects that Petitioner is no longer in custody pursuant to the sentence challenged in the Petition, Petitioner is ordered to show cause on or before **February 27, 2026**, why the Petition should not be dismissed as moot. Failure to respond may result in a recommendation that this matter be dismissed as moot.

- Respondent may file a reply to Petitioner's response to the order to show cause, if any, on or before **March 6, 2026**.

January 28, 2026

*/s/Amanda M. Knapp*
AMANDA M. KNAPP
United States Magistrate Judge

3