**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| EDWIN DANIEL GONGORA-BALTAN, | CASE NO. 4:24-CV-2252 |
| Plaintiff, | |
| vs. | DISTRICT JUDGE PAMELA A. BARKER |
| WARDAN IAN HEALY, *et al.*, | MAGISTRATE JUDGE AMANDA M. KNAPP |
| Defendants. | **REPORT & RECOMMENDATION** |

Petitioner Edwin Gongora-Baltan is a citizen of Colombia.  (ECF Doc. 5-1, p. 10.) Acting pro se, he filed this habeas corpus action pursuant to 28 U.S.C. § 2241, alleging that the Federal Bureau of Prisons ("BOP") took away his earned time credits under the First Step Act due to a final order of removal.  (ECF Doc. 1 ("Petition").)  This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2.

For the reasons set forth below, the undersigned recommends that the Court **DISMISS** the Petition as moot.

## I.  Procedural History

In his Petition, Mr. Gongora-Baltan asserted that his projected release date with good time conduct ("Good Time Release date") was August 24, 2025, and his projected release date with First Step Act credit was August 24, 2024.  (ECF Doc. 1, p. 2; ECF Doc. 1-2, p. 2.)  He argued that Respondent's assertion that he is subject to a final order of removal is erroneous and that the Court should order his First Step Act credit restored.  (ECF Doc. 1, p. 3.)  On April 2, 2025, Respondent filed a Return of Writ and agreed that Petitioner's projected Good Time

1

Release date was August 24, 2025.  (ECF Doc. 5; ECF Doc. 5-1, p. 1, ¶ 1.)  Respondent also asserted that the Department of Homeland Security issued a valid Notice and Order of Expedited Removal to Petitioner on February 5, 2024, making Petitioner ineligible for time credit under the First Step Act.  (ECF Doc. 5; ECF Doc. 5-1, pp. 1-2, ¶ 2.)  Petitioner did not file a Traverse.

On January 28, 2026, the Court ordered Respondent to file a status report advising the Court as to Petitioner's custody status.  (ECF Doc. 6.)  Respondent filed a Notice on January 30, 2026, stating that Petitioner was no longer in Respondent's custody and had been released to Immigration and Customs Enforcement ("ICE") on August 22, 2025, pursuant to a Final Order of Removal.  (ECF Doc. 7.)  The Court also ordered Petitioner to show cause by February 27, 2026, why the Petition should not be dismissed as moot, noting that a "[f]ailure to respond may result in a recommendation that this matter be dismissed as moot."  (ECF Doc. 6, p. 3.)  Petitioner did not file a response to the order to show cause.

## II.     Discussion

"Article III, Section 2 of the United States Constitution authorizes the federal judiciary only to hear cases or controversies[.]"  *Gentry v. Deuth*, 456 F.3d 687, 693 (6th Cir. 2006).  Thus, "federal courts may not exercise jurisdiction when the controversy has been mooted, that is to say, when the 'issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'"  *Id*. (quoting *Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969))).  In the habeas context, once a petitioner's sentence has expired, "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained."  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

When a habeas petition attacks an underlying conviction, the Supreme Court has "been willing to presume that a wrongful criminal conviction has continuing collateral consequences," so that the petition is not mooted by the petitioner's release from custody.  *Id.* at 8; *see also Gentry*, 456 F.3d at 694-95.  However, that presumption does not apply where the habeas petition challenges only the petitioner's sentence and not his conviction.  *Spencer*, 523 U.S. at 12–14 (citing *Lane v. Williams,* 455 U.S. 624, 631 (1982)).  In such circumstances, the petitioner can avoid a mootness finding only if he demonstrates "collateral consequences" stemming from the alleged sentencing violation.  *Id.* at 14-16; *see Witzke v. Brewer*, 849 F.3d 338, 341 (6th Cir. 2017) (finding a petitioner who disputed a parole revocation but had completed the relevant term of reincarceration "must demonstrate collateral consequences stemming from the revocation or else face dismissal of his claims").

Here, the Petition challenges only Mr. Gongora-Baltan's sentence—specifically, the BOP's determination that he was ineligible for First Step Act credits because he was subject to a final order of removal (ECF Doc. 1, pp. 2-3)—and does not challenge the underlying conviction. Since Respondent has advised the Court that Mr. Gongora-Baltan was transferred to ICE custody on August 22, 2025 (ECF Doc. 7), and the evidence further reflects that his sentence expired on August 25, 2025 (ECF Doc. 5-1, p. 6), Mr. Gongora-Baltan must show "collateral consequences" stemming from the alleged sentencing violation if he is to establish a live controversy.  *See Spencer*, 523 U.S. at 14-16.  However, Mr. Gongora-Baltan did not respond to this Court's January 28, 2026 order to show cause why his petition should not be dismissed as moot.[1]  (*See* ECF Doc. 6 (ordering Petitioner to show cause why his Petition should not be dismissed).)

---

[1] The Court recognizes that the copy of the Court's January 28 Order sent to Petitioner was returned as undeliverable (ECF Doc. 8), but the Court's initial order instructed both parties to inform the Court immediately upon any change of address (ECF Doc. 4, p. 3).  Petitioner has failed to update his address with the Court, and the circumstances suggest Mr. Gongora-Baltan may have been removed from the country pursuant to a final order of removal.

Considering Mr. Gongora-Baltan's release into ICE custody pursuant to a final order of removal, the expiration of his sentence, his failure to file a Traverse or a response to this Court's order to show cause, and the lack of any evidence suggesting that he will suffer collateral consequences that could be redressed by granting his Petition, the undersigned recommends that the Court **DISMISS** his Petition as moot.  *See United States v. Goldberg*, 239 F. App'x 993, 993-94 (6th Cir. 2007) ("[D]efendant does not challenge his conviction . . . the only aspect of his sentence that defendant challenges is the imposition of a five month term of imprisonment. The five month sentence expired on or about January 1, 2007. Consequently, the matter is now moot."); *Enazeh v. Davis*, 107 F. App'x 489, 491 (6th Cir. 2004) ("Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief.") (quoting *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986)).

### III.     Recommendation

For the reasons stated above, the undersigned recommends that the Court **DISMISS** the Petition (ECF Doc. 1) as moot.

DATE:  May 28, 2026

/s/ Amanda M. Knapp
AMANDA M. KNAPP
UNITED STATES MAGISTRATE JUDGE

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may forfeit the right to appeal the District Court's order.  *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

4