**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **Edwin Daniel Gongora-Baltan,** | **Case No. 4:24CV2252** |
| **Petitioner,** | |
| -vs- | |
| | **JUDGE PAMELA A. BARKER** |
| | **Magistrate Judge Amanda M. Knapp** |
| **Ian Healy,** | |
| **Warden** | |
| **Respondent.** | **MEMORANDUM OF OPINION AND ORDER** |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Amanda M. Knapp (Doc. No. 9), which recommends denial of Petitioner Edwin Daniel Gongora-Baltan's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 as moot.  No objections have been filed.  For the following reasons, the Report and Recommendation is ACCEPTED.

**STANDARD OF REVIEW**

When objections are made to a Magistrate Judge's Report and Recommendation, the district court reviews the case *de novo*.  Federal Rule of Civil Procedure 72(b)(3) provides in pertinent part:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

As stated in the Advisory Committee Notes, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Court held, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."

**DECISION**

At the outset, the Court notes the following.  In the Report & Recommendation ("R&R"), the Magistrate Judge observes that a previous Order dated January 28, 2026 was sent to Petitioner via regular mail and returned as undeliverable.  (Doc. No. 9 at fn 1; PageID# 49.)  The Magistrate Judge therefore did not send a copy of the R&R to Petitioner's address on the docket but, rather, ordered Respondent to forward a copy of the R&R to Petitioner at the "primary forwarding address known to Respondent."  (Non-Doc. Dated May 28, 2026.)  The Magistrate Judge further ordered Respondent to notify the Court if Respondent does not have a known address for Petitioner.  *Id.*

On June 1, 2026,  Respondent filed a Notice to the Court indicating as follows:

Respondent has no forwarding address(es) for Petitioner. Petitioner was released to Immigration and Customs Enforcement ('ICE') on August 22, 2025, pursuant to a Final Order of Removal.  Respondent has no knowledge regarding where Petitioner was or is housed by ICE or whether Petitioner has been removed from the United States pursuant to the Final Order of Removal.

(Doc. No. 10.)   Because neither the Court nor Respondent have a forwarding address for Petitioner, a copy of the R&R has not been sent to Petitioner.

However, as correctly noted in the R&R, the Magistrate Judge's Initial Order expressly instructs both parties to inform the Court immediately upon any change of address.  (Doc. No. 4 at PageID# 25)(" When a party has a change of address, that party must immediately inform the Court of the new address.  Failure to advise the Court of a changed address may result in a waiver of the right to present argument and/or the dismissal of the case.").  In addition, the Sixth Circuit has found that a party has an affirmative duty to notify the Court of any change in address.  *See Barber v. Runyon,* 1994 WL 163765 at *1 (6th Cir. May 2, 1994); *Watsy v. Richards*, 1987 WL 37151 (6th Cir. 1987).  District courts within this Circuit likewise have repeatedly emphasized that parties have a

2

continuing obligation to notify the court of any changes in address, including parties that are proceeding *pro se.  See, e.g., Kimble v. Swanton Police Department*, 2025 WL 3645133 at * 1 (N.D. Ohio Dec. 16, 2025); *Jones v. McConahay*, 2024 WL 4458281 at fn 1 (N.D. Ohio Oct. 10, 2024); *Brown v. City of East Cleveland*, 2018 WL 6329131 at * 3 (N.D. Ohio Oct. 2, 2018), *adopted by* 2018 WL 6325263 (N.D. Ohio Dec. 4, 2018); *Sanders v. Carro*, 2023 WL 8544228 at * 2 (N.D. Ohio Dec. 11, 2023); *Grogg v. Clark*, 2017 WL 123798 at * 1 (E.D. Tenn. Jan. 12, 2017); *Fountain v. Warden, Franklin Medical Center*, 2013 WL 2468361 at * 1 (S.D. Ohio June 7, 2013), *adopted by*, 2013 WL 3467057 (S.D. Ohio July 9, 2013).  Indeed, a plaintiff's failure to supply the Court with an updated address may subject the action to dismissal.  *See Fountain*, 2013 WL 2468361 at * 1; *Kosher v. Butler Cnty. Jail*, 2012 WL 4808546 at *2 (S.D. Ohio Sept. 9, 2012), *adopted by*, 2012 WL 4808473 (S.D. Ohio Oct. 10, 2012); *Walker v. Cognis Oleo Chem., LLC*, 2010 WL 717275 at *1 (S.D. Ohio Feb. 26, 2010).

Here, the docket reflects Petitioner failed to update his address (or otherwise notify this Court of a change in his address) at any point during these proceedings, despite having been given multiple reminders and opportunities to do so.  *See* Doc. Nos. 4, 6.  Given Petitioner's failure to advise this Court of his current address, the Court finds that it may proceed to review the R&R and to consider it as having been filed without objections.

This Court has carefully reviewed the R&R and finds no clear error.  Accordingly, the Court accepts the Magistrate Judge's Report and Recommendation.  The Court hereby denies the Petition for Writ of Habeas Corpus as moot for the reasons stated by the Magistrate Judge in the Report and Recommendation (Doc. No. 9), which is incorporated herein by reference.  Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in

good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

 s/Pamela A. Barker
PAMELA A. BARKER
Date:  June 23, 2026                          U. S. DISTRICT JUDGE